

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 30 AM 7:54

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DUSTIN EUGENE LOUGHRIDGE | CIVIL ACTION |
| VERSUS | NO:     04-1904 |
| JAMES D. MILLER, JR., ET AL | SECTION: "A" (4) |

### PARTIAL REPORT AND RECOMMENDATION

**I.   Introduction**

The plaintiff, Dustin Eugene Loughridge, filed a complaint in the Middle District of Louisiana on June 2, 2004 pursuant to 42 U.S.C. § 1983 alleging denial of adequate medical treatment and unconstitutional conditions of confinement.[1] On June 30, 2002, the District Court in the Middle District transferred the case to the Eastern District where it was filed on July 2, 2004. The complaint named, among others, the State Fire Marshal as a defendant. Loughridge then filed an amended complaint on January 10, 2005 which, among other things, named Jamie Wilson as a defendant. According to the record, these defendants were never served.

On May 26, 2005, the Court ordered Loughridge to show cause on or before June 8, 2005, why the complaint was not served on defendants Jamie Wilson and the State Fire Marshal. Federal

---

[1] The clerk of court filed Loughridge's complaint on June 29, 2004. In the *pro se* prisoner context, the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). In this case, Loughridge signed the complaint on June 2, 2004, which is the earliest date on which he could have delivered it to prison officials for mailing.

___ Fee_____
___ Process_____
**X** Dktd_____
___ CtRmDep_____
___ Doc. No _____

Rule of Civil Procedure Rule 4(m) requires the plaintiff to make service within 120 days of filing a complaint. Under Rule 4(m), the plaintiff was required to serve the complaint on the State Fire Marshal by September 27, 2004 and Jamie Wilson by April 6, 2005.

The Rule to Show Cause **(doc #24)** warned Loughridge that failure to comply with the order may result in dismissal of the case.

Loughridge failed to provide the Court with any written memorandum or motion showing why service had not been made in accordance with Federal Rules of Civil Procedure Rule 4(m). To date, Loughridge has not served the State Fire Marshal or Jamie Wilson, nor has he requested an extension of time in which to do so.

## II.  Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Dustin Eugene Loughridge's claims against the State Fire Marshal and Jamie Wilson be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed. R. Civ. P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of January, 2006

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE