UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUSTIN EUGENE LOUGHRIDGE** | **CIVIL ACTION** |
| **VERSUS** | **NO:      04-1904** |
| **JAMES D. MILLER, JR., ET AL** | **SECTION: "A" (4)** |

## REPORT AND RECOMMENDATION

### I.     Introduction

This matter was referred to the undersigned to conduct a hearing, including an Evidentiary Hearing, If necessary and to submit proposed findings and recommendations for disposition pursuant.

The plaintiff, Dustin Eugene Loughridge, filed a complaint in the Middle District of Louisiana on June 2, 2004 pursuant to 42 U.S.C. § 1983 alleging denial of adequate medical treatment and unconstitutional conditions of confinement.  On June 30, 2002, the District Court in the Middle District transferred the case to the Eastern District where it was filed on July 2, 2004.

On March 21, 2006, the undersigned received notification that Dustin Loughridge was released from custody such that the April 24, 2006 Preliminary Conference was reset to May 22, 2006.  By order of April 23, 2006, Loughridge was ordered to provide the Court with a telephone number for the record where he could be reached for participation in the conference.   The notice

was mailed to the address provided by the Washington Parish Jail, 303 Iris Street, Lot 1, West Monroe, La 71292-6423. The mail was not returned to the Court as undeliverable.

On May 22, 2006, the Scheduling Conference was scheduled to take place. However, while counsel for the defendant was available to participate in the conference, the plaintiff was not available. Loughridge failed to comply with the April 23, 2006 order as he did not provide the court with a telephone number where he could be contacted to participate in the trial.

As a result, the Court issued a show cause order on May 22, 2006, ordering Loughridge to show cause in writing why his claims and demands against the defendants should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). (*See* Rec. Doc. No. 40). The order further indicated that his failure to comply with the order may result in dismissal of his claims without further notice.

The Court notes that on June 2, 2004, Loughridge signed the Plaintiff's Declaration on the his complaint acknowledging his duty to keep the Court informed of his current address under penalty of dismissal of his action with prejudice. (*See* Rec. Doc. No.1 at 9). However, the Court has received no communications from him and further, the notice of preliminary conference and the show cause order mailed to him were not returned to the Court. (*See* Rec. Doc. No. 37, 40). Accordingly, dismissal of Loughridge's action is proper under Fed. R. Civ. P. 41(b).

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute, for failure to comply with the Federal Rules of Civil Procedure, or for failure to comply with any order of the court. Such a dismissal is considered an adjudication on the merits. See FED. R. CIV. P. 41(b). The plaintiff had ample notice and opportunity to comply with the order of this Court but failed to do so.

**II.     Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Dustin Eugene Loughridge's claims be **DISMISSED WITH PREJUDICE** for failure to comply with Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __15th__ day of August, 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**